IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| *Plaintiff-Respondent*, | } Criminal Case No. 4:95-cr-142-1 |
| v. | } Civil Case No. 4:05-cv-88 |
| | } |
| ROBERTO RIOJAS, | } |
| | } |
| *Defendant-Movant*. | } |

## ORDER

Pending before the Court are Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 5480),[1] Movant's Preliminary Memorandum of Points and Authorities (Doc. 5472), Respondent's Answer (Doc. 5521), Respondent's Motion for Summary Judgment (Doc. 5520), Movant's Response to Respondent's Motion for Summary Judgment (Doc. 5665), and United States Magistrate Judge Frances Stacy's Memorandum and Recommendation recommending that Respondent's Motion for Summary Judgment be granted and Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be denied (Doc. 5743).  The Magistrate Judge's Memorandum and Recommendation was filed on January 4, 2007, and it gave the parties ten days to file written objections.  To date no objections have been filed.

Accordingly, this Court adopts the Magistrate Judge's Memorandum and Recommendation as its own, with the sole exception of Footnote 5, which states, "The United States Supreme Court has granted *certiorari* in *Burton v. Waddington*, 142 Fed. Appx. 297 (9th Cir. 2005), *cert. granted*, 126 S. Ct. 2352 (June 5, 2006) and will address the issue of *Blakely* retroactivity."  After the Magistrate Judge's Memorandum and Recommendation was filed on January 4, 2007, the

---

[1] Roberto Riojas' Motion to Vacate, Set Aside or Correct Sentence can be found at Doc. 1 in Civil Case No. 4:05-cv-88 and at Doc. 5459 in Criminal Case No. 4:95-142-1.  References hereafter will be to the criminal case document numbers unless otherwise indicated.

Supreme Court issued its opinion in *Burton v. Stewart*, 127 S. Ct. 793 (January 9, 2007). In its opinion, the Supreme Court acknowledges that it granted *certiorari* in the *Burton* case in order to determine whether *Blakely* announced a new rule, and, if so, whether it applies retroactively on collateral review. The Court, however, did not address these issues. Instead, it vacated the judgment of the 9th Circuit Court of Appeals and remanded the case with instructions to direct the District Court to dismiss the petitioner's habeas corpus application for lack of jurisdiction.[2]  Accordingly, having adopted the Magistrate Judge's Memorandum and Recommendation,

It is hereby ORDERED that Respondent's Motion for summary judgment is GRANTED and Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence is DENIED.

SIGNED at Houston, Texas, this 31st day of October, 2007

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] "Petitioner-a state prisoner seeking postconviction relief from the federal courts-failed to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b)." *Id* at 794.