IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-95-142-1 |
| | § | CIVIL ACTION NO. H-05-88 |
| ROBERTO RIOJAS, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER

Pending before the Court on referral from the District Judge is Movant Roberto Riojas' Independent Action to Set Aside Judgment Pursuant to Federal Rules of Civil Procedure 60(d)(1) (Document No. 6150) and Motion to Request the Status of Petitioner's Independent Action (Document No. 6183). Movant Roberto Riojas ("Riojas") seeks to set aside the Court's Order of October 31, 2007, granting the United States' Motion for Summary Judgment and denying his § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 5817-18). According to Riojas, because he did not receive a copy of the undersigned Magistrate Judge's Memorandum and Recommendation until after his § 2255 was denied, he was not able to timely file written objections to the Memorandum and Recommendation, and that he has been prejudiced because had his objections to the Memorandum and Recommendation been considered, his § 2255 motion would not have been denied.

The docket sheet reveals that Riojas has previously attempted to re-open his § 2255 motion pursuant to Federal Rules of Civil Procedure 60, arguing that he did not file an objection to the Memorandum and Recommendation because he did not know the Memorandum and

Recommendation had been filed until his § 2255 was dismissed. This time, he seeks relief pursuant to Rule 60(d)(1), which provides, "This rule does not limit a court's power to (1) entertain an independent action to relieve a party from a judgment, order, or proceeding."

On October 20, 2008, Riojas filed a motion to rescind the order denying his § 2255 motion, granting summary judgment, and dismissing the case. (Document No. 5929). Riojas set forth the objections he would have made to the Memorandum and Recommendation, namely that the Memorandum and Recommendation failed to address his argument that Count 90, the Continuing Criminal Enterprise (CCE) count, did not allege an offense, relying on *Richardson v. United States*, 526 U.S. 813 (1999), and that his counsel both at trial and on appeal had rendered ineffective assistance by not arguing that his CCE conviction was not sustainable under *Richardson*. The Government responded to the motion and in particular to the objections raised therein by Riojas to the Memorandum and Recommendation. In an order entered on March 3, 2009, the Court, having reviewed the pleadings, including Riojas' objections to the Memorandum and Recommendation, found no basis to rescind the order denying his § 2255 motion and dismissed the motion with prejudice. (Document No. 5954). Riojas appealed to the Fifth Circuit Court of Appeals. (Document No. 5963). His appeal was dismissed for want of prosecution. (Document No. 6004).

Next, on February 14, 2011, Riojas filed a Motion to Reopen his 28 U.S.C. § 2255 Habeas Petition Pursuant to Federal Rules of Civil Procedure 60(b)(4). (Document No. 6034). Riojas challenged the denial of his § 2255 motion on the same grounds raised in his earlier filing. On March 10, 2011, an Order was entered denying his motion because he had already litigated the matter. (Document No. 6038). Riojas appealed the Order to the Fifth Circuit Court of Appeals. The Fifth Circuit denied his request for a Certificate of Appealability initially and on reconsideration. The United States Supreme Court denied Riojas's Petition for Writ of Certiorari on May 29, 2012.

(Document No. 6139).

Riojas filed the instant motion (Document No. 6150) and affidavit (Document No. 6151) on September 10, 2012. He seeks to set aside the Order denying his § 2255 motion. He raises the same arguments that he has in his previous filings. Because the matter has been fully litigated, and he raises no new grounds for relief, he is not entitled to relief under Fed.R.Civ.P. 60(d)(1). To the extent that Riojas suggests his objections have never been considered, that is belied by the record. Riojas's objections to the Memorandum and Recommendation were considered by the Court in the context of his Motion to Strike and the Court determined there was no basis to strike the Order denying his § 2255 motion. Accordingly, it is

ORDERED that Movant Robert Riojas's Independent Action to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(d)(1) (Document No. 6150) is DENIED. It is further ORDERED that Movant Robert Riojas's Motion to Request the Status of Petitioner's Independent Action Pursuant to Fed.R.Civ.P. 60(d)(1) (Document No. 6183) is DENIED as MOOT.

Signed at Houston, Texas, this 2d day of July, 2013.

Frances H. Stacy
United States Magistrate Judge